United States District Court

Middle District of North Carolina

| Fenix Flashlights LLC | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-140 |
| | ) | |
| Tacbeam LLC | ) | |
| | ) | |
| Defendant | ) | |

**Brief In Support Of Motion To Consolidate Cases**

Defendant Tacbeam moves for an order consolidating this case with *Fenix Flashlights LLC v. Li et al.*, Case No. 1:12-cv-01310-NCT-JEP, Middle District of North Carolina ("*Fenix 1*"). A similar motion to consolidate is being filed concurrently in *Fenix 1*.

A District Court has discretion to consolidate related cases, as part of its inherent power to manage its docket.[1] The complaint in this case admits that the alleged conduct asserted here is the same alleged conduct for which substantially similar claims were asserted in *Fenix 1*.[2] Even the most cursory comparison of the complaints in these two cases shows that all of Fenix's claims arise out of the same transaction, the same facts, and acts by the same persons.[3] Fenix's complaint in this case even acknowledges this.[4] Tacbeam has already appeared in *Fenix 1* and moved to dismiss the complaint in *Fenix 1*.[5]

On February 4 and February 6, 2015, Tacbeam's counsel met and conferred with

---

[1] *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186 (4th Cir. N.C. 1982)

[2] Request For Judicial Notice (RJN) Exhibit 1 at ¶¶ 1–19

[3] RJN Exhibit 1 (complaint in *Fenix 1*) and Exhibit 2 (complaint in this case)

[4] RJN Exhibit 1 at ¶¶ 1–19

[5] RJN Exhibit 3 (Motion To Dismiss) at page 1

Fenix's counsel in an attempt to work out a stipulation to consolidate these cases. In both phone calls, Tacbeam explained the grounds for consolidation. Fenix refused to stipulate. When Tacbeam asked if any grounds exist for Fenix to oppose consolidation, Fenix refused to articulate any grounds to oppose consolidation. Instead, Fenix's counsel insisted that grounds *might* exist to oppose consolidation and that Fenix would decide whether to oppose consolidation after reviewing this motion. Although Tacbeam again articulated the grounds for consolidation that are asserted in this motion, Fenix persisted in refusing to consent to consolidation.

Date: February 9, 2015

      /s/ Daniel H. Fingerman
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax:    (408) 998-1473
Email: dfingerman@mount.com

      /s/ David E. Shives
David E. Shives (N.C.S.B. 24,520)
David E. Shives, PLLC
1171 W Fourth Street
Winston-Salem NC 27101
Phone: (336) 725-4774
Fax:    (336) 725-9276
Email: Law@DaveShives.com

*Counsel for Tacbeam LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for the **Defendant**, and is a person of such age and discretion as to be competent to serve process.

That on February 9, 2015 he served a copy of the attached **Brief In Support of Motion to Consolidate Cases** by placing said copy in a postpaid envelope addressed to the person hereinafter named at the place and addressee stated below, which is the last known address, and by depositing said envelope and its contents in the United States mail at Winston-Salem, North Carolina, and/or by fax/email to the person(s) named below at the fax/email address(es) where indicated below.

ADDRESSEES:

Celie B. Richardson
THE RICHARDSON LAW FIRM
PO Box 2585
Chapel Hill, NC 27515
Fax: (919) 932-7719

*Attorney for Plaintiff*

/s/ David E. Shives
_____
David E. Shives
NCSB 24,520
DAVID E. SHIVES, PLLC
1171 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 725-4774
Telecopier: (336) 725-9276
Law@DaveShives.com
*Attorney for Defendant*